******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

CONNEX CREDIT UNION *v.* MICHELLE
M. THIBODEAU
(SC 20694)

Robinson, C. J., and McDonald, D'Auria, Mullins and Alexander, Js.

Argued March 30—officially released June 20, 2023

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the defendant filed a counterclaim; thereafter, the case was tried to the court, *Aurigemma, J.*; judgment for the plaintiff, from which the defendant appealed to the Appellate Court, *Alvord, Cradle* and *DiPentima, Js.*, which affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Garrett A. Denniston*, with whom, on the brief, were *Marisa A. Bellair* and *Joette Katz*, for the appellant (defendant).

*Robert C. Lubus, Jr.*, with whom was *Andrew Marcucci*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Michelle M. Thibodeau, entered into a retail installment sales contract in 2014, which was secured by an interest in her motor vehicle. After the defendant stopped making loan payments on the sales contract, the plaintiff, Connex Credit Union, repossessed her vehicle. The plaintiff subsequently sent the defendant a notice (presale notice) with the details of the defendant's outstanding debt and instructions on how the defendant could redeem the vehicle. The defendant took no steps to redeem the vehicle. The plaintiff sold the motor vehicle in an arm's-length transaction and sent the defendant a notice informing her of the sale, that the sale price was less than the amount owed, and that the plaintiff may seek a deficiency judgment against her.

The plaintiff then commenced an action for breach of contract. The defendant asserted several special defenses, including that the plaintiff was precluded from seeking a deficiency judgment because it failed to inform her in its presale notice that she was entitled to an accounting in violation of the Uniform Commercial Code (UCC), General Statutes §§ 42a-9-613 (1) (D) and 42a-9-614 (1) (A), and had not credited her with the fair market value of the vehicle after the vehicle's sale, in violation of the Retail Installment Sales Financing Act (RISFA), General Statutes § 36a-785 (g). The trial court rejected the defendant's special defenses, rendered judgment for the plaintiff, and awarded damages in the amount of $5432.29.

The defendant appealed from the trial court's judgment to the Appellate Court. See *Connex Credit Union* v. *Thibodeau*, 208 Conn. App. 861, 863–64, 266 A.3d 930 (2021). The Appellate Court concluded that the plaintiff had satisfied the requirements of the UCC under §§ 42a-9-613 (1) (D) and 42a-9-614 (1) (A) by providing an actual accounting of the defendant's indebtedness in the presale notice, rather than an express statement that the defendant was entitled to an accounting. Id., 871–72. The Appellate Court further held that the plaintiff had not violated RISFA because, under § 36a-785 (g), the plaintiff was not required to credit the defendant's account with the fair market value, rather than the sale proceeds, after repossession and sale of the vehicle. Id., 877–78. The Appellate Court concluded that the plaintiff had satisfied § 36a-785 (g) by presenting testimony that rebutted the presumed fair market value of the vehicle. Id., 878. Accordingly, the Appellate Court affirmed the trial court's judgment. Id.

We subsequently granted the defendant's petition for certification to appeal from the judgment of the Appellate Court to determine whether (1) "the Appellate Court properly interpret[ed] and appl[ied] the requirement of Connecticut's [UCC] to notify a consumer-

debtor that he or she has a right to an accounting of unpaid indebtedness after repossession of secured property," and (2) "[u]nder [RISFA] . . . a retail seller of a motor vehicle, after repossession and sale of the vehicle, [can] credit a retail buyer's alleged deficiency only with the proceeds from the vehicle's sale when the prima facie fair market value of the vehicle exceeded the amount of those proceeds . . . ." *Connex Credit Union* v. *Thibodeau*, 342 Conn. 903, 270 A.3d 690 (2022).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---